IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 APR 19 A 9: 35

RONALD SUTTON )
Full name and prison number of )
plaintiff(s) )
)
v. )  CIVIL ACTION NO. 2:06CV352-F
)  (To be supplied by the Clerk of the
GOVERNOR BOB RILEY )   U.S. District Court)
)
ATT. GENERAL TROY KING )
)
RICHARD ALLEN (COM.) )
)
_____ )
Name of person(s) who violated )
your constitutional rights. )
(List the names of all the persons) )

I.    PREVIOUS LAWSUITS

   A.   Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?   Yes ( )   No (✓)

   B.   Have you begun other lawsuits in state or federal court relating to your imprisonment?   Yes (✓)   No ( )

   C.   If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline).

       1.   Parties to this previous lawsuit:
            Plaintiff(s) _Ronald Sutton_
            Defendant(s) _Terrance McDonald_

       2.   Court (if federal court, name the district; if state court, name the county)
            _Middle district_

       3.   Docket No. _See Record_

       4.   Name of Judge to whom case was assigned _See Record_

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending? _Still pending_

6. Approximate date of filing lawsuit _See Record_

7. Approximate date of disposition _See Record_

II. PLACE OF PRESENT CONFINEMENT _Bibb Corrections Facility_

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED _From Kilby to Bibb County Corrections to out of State prison_

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

NAME                                   ADDRESS

1. _Governor Bob Riley, 1000 Dexter Ave. Montgomery, Al. 36104_
2. _Attorney General Troy King, 11 South Union St. Montgomery, Al. 36104_
3. _Richard Allen, PO Box 301501 Montgomery, Al. 36130_
4. _____
5. _____
6. _____

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED _From 1980 to present date of 2006._

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: _See attached for ground one_

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place, manner, and person involved).
_See attached for all listed facts_

GROUND TWO: See attached for Ground Two

SUPPORTING FACTS: See attached for all listed facts

GROUND THREE: See attached for ground Three

SUPPORTING FACTS: See attached for all listed facts

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.
Relief is attached.

_____
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on 04-07-2006
               (date)

_____
Signature of plaintiff(s)

-3-

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

RONALD SUTTON
AIS # 210657

    Plaintiff

vs.

GOVERNOR BOB RILEY,
ATTORNEY GENERAL TROY KING,
ADOC PRISON COM. RICHARD ALLEN,
    DEFENDANTS

CASE NO._____
(TO BE SUPPLIED BY CLERK)

RECEIVED
2006 APR 19 A 9: 36

*********************************************************************

## CIVIL RIGHTS COMPLAINT

Ronald Sutton is a inmate incarcerated in Alabama Prison system. Living in constant danger, and living in conditions which violates United States Constitution.

Defendants in this action have a clear legal duty owed by Alabama Law, and the Constitution of these United States to comply with Federal Court orders which were entered, and agreed upon by Former Governor Fob James. Alabama Prison System has refused to come in compliance with United States Constitution, as Former Governor Fob James agreed to.

Each and every inmate housed in Alabama Prisons are exposed to life threatening dangers under the 8th Amendment, where State Officals do not provide security, and do not have enough Corrections Officers for the number of inmates housed at Bibb Correction Facility, and all

Page 2.

other ADOC Correction Facilities. Sutton has been shipped out of State of Alabama due to overcrowded conditions in Alabama Prison System. Females incarcerated in Alabama were required to be moved to Louisianna where Tutwilder was ruled unconstitutional and massly overcrowded. State Government Officals have violated each Constitutional right to which Federal Court issued orders for State of Alabama to comply with every since 1980. Sutton states a claim to which relief can be granted, where Alabama by Statutes of Laws discriminate and Defendants have not granted inmates who come under Alabama Statutes to receive what is written. Defendants listed are in violation of their own laws, and purposefully create a system to over populate Alabama Prisons in violation of the Constitution of these United States. The following to wit :

### ACTION ONE- DISCRIMINATION WITH STATUTE OF ALABAMA LAW

1. Sutton comes under application of Alabama Legislative Intent by Habitual Offender under 13A-5-9.

2. Defendants under Alabama law 13A-5-9 sentence inmates under the Habitual Offender ACT.

3. Defendants under Alabama Legislative Intent by 14-9-41(e) established that inmates with 15 years and less who are class C and class B inmates can receive CIT Good Time

4. Sutton by Statute under 13A-5-9 shows that all HFOA inmates are govern by language used in 13A-5-9, which says [M]ust.

(A). Defendants grants and provide discrimination with use of CIT Good Time to Habitual Offenders in Alabama. Inmates with 3 priors and Class

Page 3.

C who receives 15 years, these are HFOA inmates. Inmates who receive 25 years and Class C with 3 priors these inmates do flat time day for day. Alabama by statute under 14-9-41(e) discrimination against HFOA inmates without justifiable cause, which violates all Constitutional rights to which Alabama says in the Constitution will be granted for all by the United States Constitution. the only difference with a inmate who has 15 years for drug possession and gets 15 years with CIT Good time is the sentence number alone. The same sentence with 3 priors for drug possession the inmate receives 25 years, he/she with 25 years do day for day without CIT good time. Discrimination violates the Constitution of theses UNITED STATES
5. Governor Bob Riley, and Troy KIng, along with Richard Allen has a sworn oath to uphold the Constitution as sworn to by their oath. Defendents have permitted discrimination to exist in Alabama Prison, where Alabama Prisons outlawed discrimination years ago.
6. Defendents discrimination has resulted in massly overcrowded prisons, and the continuation of violating Federal Court orders to bring Alabama Prisons in compliance with UNited States Constitution
7. Defendents amended Alabama CIT good Time law in October of 1991, and granted Good Time to Habitual Offenders by sentence number alone. Defendents every since 1991 has singled out class discrimination and Alabama by law ruled that discrimination could not exist in Alabama with Good Time application. BROOKS V STATE, 622 SO 2d 447 at 451. Attorney General Troy King has fulll knowledge that discrimination exist,

Page 4.

and has refused to to apply what Alabama Constitution Article IV § 85 grants Plaintiff and all Tax Payers of Alabama. Defendants Governor Bob Riley, Richard Allen, and Troy King owes a legal duty to comply with existing Federal Court orders for complying with United States Constitutional violations which exist.

8. The failure to end discrimination with the Statutes of law, has resulted in massly overcrowded prisons, and gave birth to henious crimes being committed in Alabama.

(A). Plaintiff shows that discrimination has caused Prison Correction Officers to engage in illegal acts to promote criminal activity. Where ADOC Prison Commissioner is fully aware that inmates by Youths have participated with criminal acts with Corrections Officers and the overcrowded priosons have allowed these youths to leave and engage in Capital Murder crimes where there's no form of Corrections which exist by overcrowded prisons. Defendants can't deny that from discrimination by Statute that they have violated United States Constitution and in so doing the evil has given birth to serious wrongs within ADOC.

## RELIEF ACTION ONE

1. Each Defendant to be served.

2. The Court issue and order for Defendants to show cause why the Consent decree, and agreement entered by Former Governor has not been complied with.

3. Defendants to show cause why discrimination exist with Statute of law, and Habitual Offenders Class C and Class B are discriminated against.

Page 5.

4. Defendants to comply with Federal Constitution of these United States, and grant all inmates under Class C and Class B the same equal protection to which BROOKS Court held must apply for inmates in Alabama.

5. Defendants to provide Tax Payers a full answer as to why they have created a system which discriminates and increase taxes, but grants release for Habitual Offenders with 15 years for the exact same crimes. Where Tax Payers pay for the inmates who remain in Prison, but others under Habitual Offender with 15 years go free EOS with CIT Good Time.

5. Defendants to produce ACT 80-446 which says provided that No Habitual Offender will receive CIT Good Time, making it mandatory under Alabama Constitution Article IV § 61, The Original Purpose has been defeated, and inmates are discriminated against, and hosued out of State by actual slavery with discrimination of Statute.

### ACTION TWO OVERCROWDED VIOLATIONS 8th AMENDMENTS & 14th

1 Defendants are ceeating overcrowded prisons in Alabama to violate United States Constitution.

2. Defendants are having Tax Payers to pay higher taxes by discrimination with the Statutes of Alabama law.

3. Defendants are creating 8th and 14th Amendment violations.

For a full set of facts. Defendants from October 1991 to present date have granted CIT Good Time for inmates with 15 Years and less. These same Defendants by 13A-5-9 enhance Class C felony Offenses by 13A-5-9 to Class A felony offenses. Under 14-9-41(e) Defendants say that Class A offenders can't receive CIT Good Time. By Alabama law,

a

Page 6.

any inmate who has 3 priors and Class C he/she is a Class A felony offender. Troy King has stated the very same. Cruel and unusal punishment, discrimination exist with Defendants and the application of Statutes which governs Prisons and sentences of prisoners. Overcrowdee violations exist which violates 8th and 14th Amendments due to conduct, acts, and denial of Federal Court's orders issued since 1980.

1. Plaintiff live in danger each day, where ADOC has a full jungle, and the stoong play on the weak.

2. Bibb Correction Facility violates each Constitutional Amendment which was written for prison overcrowding. All prisons are in violation of the Constitution where Governor Bob Riley has stated the same by news, and written news papers for interviewws. Governor has created a task force, but not one State Offical has address the serious 8th and 14th Amendment violations which they are obligated by law to resolve.

3. Defendants by Prison Commissioner owe a legal duty to bring Alabama Prisons in compliance with 8th and 14th Amendment Constitution. Defendants Governor Riley must take review of each issue which Federal Court issued to Former Governor Fob James, and bring Alabama Prisons in compliance. Plaintiff says that from 1980 to present date Defendants time has ran out, and Federal Court under this claim is entitled to grant relief for these United States violation which are being done intentionally.

4. Plaintiff under the 8th and 14th Amendment says that Defendants who are now acting with intent to create overcrowding owes a duty to end discrimination, and apply Alabama laws for all as written.

Page 7.

5. Defendants agreed to stop housing inmates in the county jails and agreed to remove all inmates from County jails by September 11, 1981.
(A). This took place with Governor Fob James. Today with Governor Bob Riley the problem has increased to maximum triple overcrowded county jails, and State Prisons.
(B). Defendants agreed to end double occupancy. This has increased, where each Correction Facility are at triple capacity, and inmates out number Correction Officers by each dorm over 200 to one. Plaintiff and all live in serious danger of health violations diseases, spread of disease, and gang relacted acts. There's nothing to stop death by Correction Officers at no time with 8th Amendment violations which are ignored, by Defendants.
(C). Defendants can't provide schooling, proper classification, work, nr any other reentry programs for inmates, due to overcrowding violations. Plaintiff and others being forced to leave Alabama and serve sentences without visitation, telephone privelleges, due to excessive cost. Defendants acts and actions to ignore Alabama Statutes, to comply with Federal Orders have granted deprivation of Plaintiff and others human rights altogether, and created mass evil which goes back into society.

    The serious jungle, the stabbings, serious physical injury, drugs being introduced by Correction Officals, Correction Officers using inmates for personal benefits by strikers which were outlawed by Federal Court has reappeared for Constitutional violations.

Page 8.

## ACTION THREE STATUTES PLAIN LANGUAGE 14-9-41(a) PLAIN MEANING TO BE RESOLVED

Plaintiff under the Constitution of these United States and well understood language by Alabama law has a Constitutional right for the well spoken words by Statute to be applied and afforded the First, 4th, and 14th Amendment rights. Defendants very words spoken in 14-9-41(a) has meaning which complies with Legilative Intent, and Plaintiff has a right under the Constitution for this Court, and Defendants as Government Officals to provide what the Alabama Constitution and Federal Constitution grants for words well spoke within a Statute.

1. 14-9-41(e) which says one thing but does contrary and discriminates.
2. 14-9-41(a) which speaks plain well understood language. Where does it apply with Plaintiff under the Constitution.
3. Plaintiff seeks full Constitutional equal protection for the Defendants to provide which Statute controls.

RELIEF REQUESTED

1. Defendants to provide the Constitutional answers for Statute intent.
2. To all relief Plaintiff is entitled.

Respectfully

*[signature]*

**EDITORIALS**

# State prisons and lawsuits

**THE ISSUE** *Alabama is ripe for another lawsuit over prison crowding. But it's not just the cost of a lawsuit that taxpayers ought to be worried about.*

Conditions at Alabama prisons are ripe for another, potentially costly federal lawsuit, the governor's task force on prison overcrowding was told last week. Prisons are overcrowded, dilapidated and understaffed, says the legal director of a group that has sued the prison system in the past and won.

But a lawsuit is not what should worry task force members the most. What's more worrisome is that there is no easy or cheap answer to even begin fixing the very serious problems that ail prisons. As daunting as the task is, those problems must be fixed.

Alabama's prisons hold twice the number of inmates — 27,732 — they were built to house. We're guarding them with about half the number of corrections officers we need. The prisons themselves are badly in need of repairs. And there is no money in the state budget to fix those problems (including the cost of defending the prison system from more lawsuits).

What is a poor state to do?

Alabama already has tried all the quick fixes — squeezing in as many inmates as possible in already overcrowded prisons; leaving prisoners in county jails for long months; speeding up paroles of nonviolent convicts; sending inmates to private, out-of-state prisons, etc. At this point, there are really only two options left: making changes to reduce the prison population or launching a massive prison-building program.

Neither option is cheap. But in a state that can't even afford to hire adequate state troopers to patrol our highways, several new prisons are a dream.

Earlier this year, state prison Commissioner Donal Campbell asked that the prison system's annual budget be more than doubled to $580 million, with most of the increase going to build two new prisons.

Even if there were money for new prisons, two more prisons wouldn't solve today's crowding problem, let alone deal with the rapid growth in the prison population. Just over the past year, for example, the number of prisoners has risen by about 1,300 inmates — enough to fill one prison.

If we can't afford to build our way out of this prison mess, we'd better put more effort into keeping people out of prison. Scant tax resources are best spent on alternatives to prison, such as drug treatment, alternative sentencing and community corrections programs that force some offenders who don't pose safety threats to pay for their crimes without putting an even bigger burden on crowded prisons.

A whole package of sentencing reform bills that would help make sentences more uniform and fair has been given to the Legislature. Unfortunately, the bills died in this year's legislative session after the Senate got bogged down in a filibuster.

Next year, lawmakers must make passing those bills and funding alternatives to prison a top priority — or say how they're going to find $300 million for new prisons.

